BLANCHARD *et al. v.* JEFFERSON.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

PLEADING—COMPLAINT—SEPARATE CAUSES OF ACTION.

    A complaint alleged that on voluntary dissolution of a partnership between plaintiff's testator and defendant in 1881 there was due testator the sum of $14,661.92, which testator allowed to remain on deposit with defendant in the business, testator thereafter receiving a yearly salary of $3,000; and that there was due testator on both accounts, in 1887, the sum of $16,845.06, which plaintiff sought to recover. *Held*, that the two causes of action were independent and distinct, and should be separately numbered, (Code Civil Proc. § 483,) but that the court erred in requiring plaintiff to make the complaint more definite and certain by stating the amount paid by defendant on each cause of action.

Appeal from special term, New York county.

Action by Henry B. Blanchard and another, executors of Theodore A. Blanchard, deceased, against Susan Jefferson in her own right and as executrix of John J. Jefferson, deceased. From an order requiring the complaint to be made more definite, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Carter, Pinney & Kellogg, (George M. Pinney, Jr.*, and *Edward F. Dwight,* of counsel,) for appellants. *C. R. Cheever,* for respondent.

O'BRIEN, J. The complaint alleges that the defendant's and plaintiffs' testator entered into a copartnership in 1874, and that the copartnership was continued until January, 1881, when it was dissolved by mutual consent, and upon the date of the dissolution the accounts between the copartners were settled and balanced, and there was due the plaintiffs' testator $14,651.92 from said copartnership; and that it was agreed between the defendant and plaintiffs' testator that such balance should remain on deposit in the business, and as a loan to the defendant, at the legal rate of interest. The complaint further alleges that thereafter the plaintiffs' testator was employed by the defendant at a salary of $3,000 per annum, and that from time to time various amounts were paid to plaintiffs' testator on account of said salary, and on account of his said deposit, until 1887, since which time no payments have been made, and that there is due for and on account of said deposit and said loan the sum of $16,845.06. Upon this motion to make the complaint more definite and certain by separately stating and numbering the facts constituting each cause of action set forth in the complaint the order appealed from was made, requiring the plaintiff "to make the complaint more definite and certain by separately stating and numbering the facts constituting each cause of action set forth in said complaint, and alleging and stating the amount paid by the defendant for and on account of each cause of action, and the amount claimed by the plaintiffs for and by reason of each cause of action, alleged in said complaint." The question presented upon this appeal is necessarily dependent upon one or the other of two views we may take, as to whether the complaint states one or two causes of action. If the appellants' contention is correct, that but one cause of action is set forth, namely, an action for an accounting, then the order appealed from should not have been made. We do not think, however, that the complaint can be so construed. It seems to us that the complaint contains two causes of action,— one for an alleged balance claimed to be due upon the dissolution of the copartnership, which was deposited with the defendant as a loan; and the other for salary claimed to be due said plaintiffs' testator on a contract of employment after the dissolution of the copartnership. These two causes of action are independent, distinct, and separable. They did not arise out of the same contract or transaction, but each arose out of separate, distinct, and independent acts and contracts. One cause of action is purely for money loaned, and the other for salary under a contract of employment. If our construction of the complaint is right, it would follow, under section 483 of the Code, that the facts constituting each cause of action should be separately stated and numbered. So much, therefore, of the order as requires this, should be affirmed. But the remainder of the order, which requires that the complaint should allege and state the amount paid by the defendant for and on account of each cause of action, and the amount claimed by the plaintiffs for and by reason of each cause of action alleged in said complaint, should be reversed, for the reason that it is entirely competent, after stating two separate and distinct causes of action, for the plaintiffs to allege that there was paid thereon, from time to time, an amount which can be specified, and that there is a balance due thereon as claimed in the complaint. That this form of pleading in correct is shown by the facts appearing, that the amounts due upon these two several causes of action were, from time to time, lessened by payments made thereon, which were not appropriated by either the debtor or creditor to either claim in particular, so that it would be impossible for the plaintiffs to state just what amounts were paid on one or the other of these claims. It would appear that credit was given the plaintiffs by the defendant for the amount of both claims, and from time to time, as moneys were

paid, they were debited against the credit thus created, and the balance held as the amount due plaintiff upon both claims. The order appealed from should be modified accordingly, without costs to either party on this appeal.

All concur.